UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


CHERAINA BONNER,

    Plaintiff,

v.                                     Case No. 8:19-cv-2740-T-33AEP

SARASOTA COUNTY SCHOOL BOARD,

    Defendant.

_____/

**ORDER**

This matter is before the Court on consideration of
Defendant Sarasota County School Board's Motion to Dismiss
or, in the Alternative, to Strike (Doc. # 29), filed on
January 2, 2020. Plaintiff Cheraina Bonner filed a response
in opposition on January 10, 2020. (Doc. # 30). The Motion is
granted as set forth below.

I.    **Background**

Bonner, an administrative assistant with the School
Board, initiated this case on November 4, 2019. (Doc. # 1).
The School Board moved to dismiss the initial complaint (Doc.
# 17), and Bonner ultimately filed an amended complaint on
December 9, 2019. (Doc. # 25).

With the School Board's consent, Bonner filed a second
amended complaint on December 19, 2019. (Doc. # 28). In the

1

second amended complaint, Bonner asserts two claims under Title VII for sexual harassment (Count I) and retaliation (Count II). (Id.).

Bonner alleges that Jeffrey Maultsby, her boss and Assistant Superintendent for the school district, sexually harassed her and that the School Board retaliated against her for reporting the harassment. Bonner alleges that Maultsby, among other things, (i) sent her over 800 unwanted text messages, including messages stating that he loved and missed her, and (ii) forced her "to rub his arm in his office to feel his shirt even after [Bonner] refused multiple times." (Doc. # 28 at 3-4).

Bonner also alleges that, before Maultsby became Assistant Superintendent, she told him "that she had been applying for jobs that would be a promotion for her," but Maultsby responded that "he would not let [her] leave and would not permit her to receive another job." (Id. at 3, 13). Nevertheless, Bonner "took exams and received her CDL license in an effort to gain the position of Supervisor in the busing area," a position she "was most qualified for." (Id. at 3, 14). When Bonner told Maultsby about the position, "he responded that she was not permitted to leave her position as his assistant and he would not permit her to take that

position." (Id.). Bonner ultimately did not receive the promotion, which would have included a pay raise. (Id.). According to Bonner, her "not receiving the position is sexual harassment and hostile work environment and is a direct damage of such." (Id. at 14).

The School Board filed the instant Motion on January 2, 2020. (Doc. # 29). In the Motion, the School Board takes issue only with certain paragraphs regarding an alleged denial of promotion by Maultsby. (Id.). Specifically, the School Board asks that the Court dismiss the second amended complaint because of the inclusion of paragraphs 18-22, 119-128, and 256 or, alternatively, strike these paragraphs. (Id. at 1). Bonner has responded (Doc. # 30), and the Motion is ripe for review.

## II. **Legal Standard**

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6)
> motion to dismiss does not need detailed factual
> allegations, a plaintiff's obligation to provide
> the grounds of his entitlement to relief requires
> more than labels and conclusions, and a formulaic
> recitation of the elements of a cause of action
> will not do. Factual allegations must be enough to
> raise a right to relief above the speculative
> level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

Additionally, the Federal Rules of Civil Procedure give courts discretion to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike are generally disfavored and will be denied 'unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" Clark v. Zale Corp., No. 6:12-cv-1667-Orl-28GJK, 2013 WL 4927902, at *3 (M.D. Fla. Sept. 12, 2013)(quoting Somerset Pharm., Inc. v. Kimball, 168 F.R.D. 69, 71 (M.D. Fla. 1996)). "Though the standard of review for

4

motions to strike is 'stringent,' they can be granted 'where the allegations are insufficient as a matter of law to succeed under provable facts.'" Id. (quoting Smith v. City of Lake City, No: 3:12-cv-553-J-99MMH-TEM, 2012 WL 4772286, at *1 (M.D. Fla. Oct. 8, 2012)).

III. **Analysis**

The Court begins by addressing Bonner's argument that the School Board violated Local Rule 3.01(g) in filing its Motion. (Doc. # 30 at 2). Local Rule 3.01(g) exempts motions to dismiss from the requirement that parties confer before filing a motion. Local Rule 3.01(g), M.D. Fla. Local Rule 3.01(g) does not, however, exempt motions to strike from the conferral requirement. Thus, the School Board was technically required to confer with Bonner regarding the portion of its Motion seeking to strike certain paragraphs of the second amended complaint. Nevertheless, as the Motion primarily seeks to dismiss the second amended complaint, which did not require conferral, the Court finds the School Board's violation of Local Rule 3.01(g) harmless. The Court will not deny the Motion for violating Local Rule 3.01(g), as Bonner requests.

## A. <u>Shoehorned Failure-to-Promote Claim</u>

According to the School Board, "Bonner attempts to shoehorn her promotion claim into her claim of hostile work environment sexual harassment by claiming that the promotion denial constituted sexual harassment." (Doc. # 29 at 4). "However, unlike hostile work environment harassment, the denial of a promotion is a discrete employment decision." (<u>Id.</u>). The School Board insists that "[c]laims for sexual harassment and claims for failure to promote are distinctly different claims with different burdens of proof and defenses." (<u>Id.</u>). Thus, the School Board appears to argue that Count I should be dismissed to the extent it relies on the allegation that Bonner was denied a promotion.

The School Board is incorrect that Bonner cannot assert a sexual harassment claim based both on a hostile work environment and a denial of a promotion. A denial of a promotion can form the basis of a sexual harassment claim.

"Sexual harassment in the workplace can alter the terms and conditions of employment in either of two ways. One way is if the employee's refusal to submit to a supervisor's sexual demands results in a tangible employment action being taken against her." <u>Hulsey v. Pride Restaurants, LLC</u>, 367

6

F.3d 1238, 1245 (11th Cir. 2004).[1] The Eleventh Circuit has said explicitly that a promotion denial is a tangible employment action that can form the basis of a tangible employment action sexual harassment claim. See Id. at 1245 ("As defined by the Supreme Court, a tangible employment action is 'a significant hiring, firing, **failing to promote**, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'" (emphasis added)(citation omitted)).

"The second way for sexual harassment to violate Title VII is if it is sufficiently severe and pervasive to effectively result in a change (sometimes referred to as a constructive change) in the terms and conditions of employment, even though the employee is not discharged, demoted, or reassigned." Id. "This is hostile work environment harassment." Id. Because the hostile work environment theory does not depend on tangible employment

---

[1] The tangible employment action theory of sexual harassment was once called *quid pro quo* harassment. See Id. at 1245 n.4 ("Like a lot of other courts, we formerly used the term '*quid pro quo*' to describe situations where a benefit of employment was tied to a demand for sexual favors. Since the Supreme Court instructed us that term should no longer be used in the analysis of whether an employer is liable under Title VII, we have used the preferred term 'tangible employment action' to refer to harassment that culminates in a discharge, demotion, or undesirable reassignment." (citation omitted)).

actions, a promotion denial does not form the basis of a sexual harassment claim premised on hostile work environment.

By and large, Count I for "sexual harassment" espouses a hostile work environment theory. For example, the allegations that Maultsby sent Bonner numerous text messages, made inappropriate sexual comments, and forced Bonner to touch his arm all fit squarely in the hostile work environment theory of sexual harassment. (Doc. # 28 at 3-7). Nevertheless, the allegations of the promotion denial could potentially support the application of the tangible employment action sexual harassment theory.

The Eleventh Circuit has held that plaintiff-employees are not required to plead harassment claims under the two different theories as separate claims because they are the same claim. See Hulsey, 367 F.3d at 1246 (explaining that the plaintiff "was not required to plead tangible employment action as a separate claim [from hostile work environment sexual harassment], because it is not a separate claim"). Thus, Bonner's addressing both theories in Count I is acceptable and does not support dismissal of the tangible employment action theory.

**B.    Exhaustion of Administrative Remedies**

Regardless of whether the promotion denial allegations were improperly "shoehorned" into the sexual harassment claim, the School Board contends that Bonner has not administratively exhausted the promotion denial allegations. (Doc. # 29 at 11-12). The Court agrees.

As a preliminary matter, the Court notes that Bonner filed a new EEOC charge on January 2, 2020 — the same day the instant Motion was filed. (Doc. # 30-2). That charge advances a sexual harassment claim premised on denial of a promotion, explaining that: "Mr. Maultsby refused Ms. Bonner a promotion as part of the sexual harassment" and that Bonner "would like to add to her sexual harassment claim the refusal to permit promotion or change in work position." (Id.). But, as Bonner acknowledges, the EEOC has not issued her a right to sue letter.

Bonner has cited no authority for the proposition that her promotion denial allegations should be considered administratively exhausted based on the pending January 2 EEOC charge. Indeed, authority suggests the opposite. See, e.g., Barclay v. First Nat'l Bank of Talladega, No. 1:14-CV-01573-KOB, 2014 WL 5473829, at *6 (N.D. Ala. Oct. 28, 2014)("The court cannot hear Barclay's Title VII failure to

promote claim until she receives a right to sue letter from the EEOC."); Lopez v. City of W. Miami, No. 1:14-CV-23293-UU, 2015 WL 12978166, at *2 (S.D. Fla. Sept. 16, 2015)("The record plainly shows that Plaintiff's allegation that she 'exhausted all administrative remedies required of her' had no reasonable factual basis. When she filed the Second Amended Complaint, Plaintiff knew she had filed a second EEOC charge that was still pending. Thus, whatever claims arose out of the second charge had clearly not been exhausted."), aff'd, 662 F. App'x 733 (11th Cir. 2016). Thus, the Court limits its analysis to the EEOC charges for which Bonner has received right to sue letters.

Before filing a suit under Title VII, a plaintiff must exhaust her available administrative remedies by filing a charge with the EEOC. Anderson v. Embarq/ Sprint, 379 F. App'x 924, 926 (11th Cir. 2010)(citing 42 U.S.C. § 2000e-5(e)(1)). "The starting point of ascertaining the permissible scope of a judicial complaint alleging employment discrimination is the administrative charge and investigation." Id. A plaintiff's complaint is "limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Alexander v. Fulton County, 207 F.3d 1303, 1332 (11th Cir. 2000); see also Sanchez v.

10

Standard Brands, Inc., 431 F.2d 455, 460 (5th Cir. 1970)(noting that the allegations in a complaint filed pursuant to Title VII may encompass any kind of discrimination like or related to the allegations contained in the charge).

Therefore, claims — even new claims — "are allowed if they amplify, clarify, or more clearly focus the allegations in the EEOC complaint." Anderson, 379 F. App'x at 926 (internal quotations omitted). Conversely, "allegations of new acts of discrimination are inappropriate." Gregory v. Ga. Dep't of Human Res., 355 F.3d 1277, 1279-80 (11th Cir. 2004). Nonetheless, courts are "extremely reluctant to allow procedural technicalities to bar claims brought under [Title VII]." Sanchez, 431 F.2d at 460-61. Thus, "the scope of an EEOC complaint should not be strictly interpreted." Id. at 465.

In its Motion, the School Board goes through Bonner's EEOC charges for which she has been issued a right to sue letter. (Doc. # 29 at 5-11). The Court considers these EEOC charges central to the second amended complaint and no question of their authenticity has been raised. See, e.g., Barclay, 2014 WL 5473829, at *2 ("The court may consider the 2013 EEOC charge on a motion to dismiss without converting the motion to one for summary judgment because the 2013 EEOC

charge is central to Barclay's complaint and both parties accept the 2013 EEOC charge as authentic."); Arnold v. United Parcel Serv., Inc., No. 7:11-CV-00118 HL, 2012 WL 1035441, at *1 (M.D. Ga. Mar. 27, 2012)("Here, the EEOC Charge is central to the complaint because the underlying allegations are violations of Title VII discrimination. Additionally, the contents of the EEOC Charge are not in dispute by either party. . . . Therefore, the Court will consider Plaintiff's EEOC Charge in ruling on Defendant's Motion to Dismiss."). Notably, the EEOC charges do not mention Maultsby's comments about denying Bonner a promotion. (Doc. ## 29-2, 29-3, 29-4, 29-5, 29-6). Nor do they mention that Bonner ever applied for a promotion, let alone did not receive one.

While Bonner was not required to plead her tangible employment action theory in a separate count from her hostile work environment theory in the second amended complaint, Hulsey, 367 F.3d at 1246, Bonner was still required to administratively exhaust the tangible employment action theory in her EEOC charge. In Minix v. Jeld-Wen, Inc., 237 F. App'x 578 (11th Cir. 2007), the Eleventh Circuit held that a plaintiff was barred from alleging harassment based on a tangible employment action when the EEOC charge discussed only a hostile work environment. The court explained that

"[a]n allegation of harassment premised on a supervisor's tangible employment action is not 'like or related to' and does not 'gr[o]w out of' an allegation of harassment premised solely on the existence of a hostile working environment. Those theories are wholly distinct and represent entirely different ways of demonstrating a violation of Title VII." Id. at 588.

Thus, the Minix court concluded that "Sims's new allegation that Fetner took a tangible employment action against her does not in any way 'amplify, clarify, or more clearly focus' any of the hostile-environment allegations made in her EEOC charge. Rather, Sims's tangible-employment-action allegation is an 'allegation[ ] of [a] new act[ ] of discrimination' that we have said is 'inappropriate' where, as here, it has not been alleged in a previous EEOC charge." Id.

As in Minix, Bonner has not administratively exhausted the promotion denial allegations. Contrary to Bonner's assertion, an EEOC investigation into the alleged promotion denial could not reasonably be expected to grow out of Bonner's EEOC charges. Thus, Bonner is barred at this juncture from relying on the promotion denial allegations to form the basis of her sexual harassment claim under the tangible

13

employment action theory. However, as the promotion denial allegations also serve as useful background information on Bonner's interactions with Maultsby, the Court does not find it necessary to strike the promotion denial allegations. See MDT Pers., LLC v. Camoco, LLC, No. 8:10-cv-2545-T-33MAP, 2011 WL 2078637, at *1 (M.D. Fla. May 25, 2011)("A motion to strike will 'usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" (citation omitted)).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Sarasota County School Board's Motion to Dismiss or, in the Alternative, to Strike (Doc. # 29) is **GRANTED** to the extent Bonner has not exhausted her administrative remedies for the promotion denial allegations. However, the Court declines to strike the promotion denial allegations from the second amended complaint. Bonner may still proceed on her sexual harassment claim under the hostile work environment theory, which Bonner has administratively exhausted. The School Board's answer to the second amended complaint is due 14 days from the date of this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 30th day of January, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE